# BAUER *v.* CRONE.

PATENTS; INTERFERENCE; BURDEN OF PROOF.

Where, in an interference case, the decisions in the Patent Office have all
been adverse to the applicant, the latter has not only the burden of
overcoming the patent, but also that of overcoming the effect of such
successive adverse decisions.

No. 319. Patent Appeals. Submitted November 22, 1905. Decided
December 5, 1905.

HEARING on an appeal from a decision of the Commissioner
of Patents in an interference case. *Affirmed.*

The facts are sufficiently stated in the opinion.

*Mr. Francis W. H. Clay, Mr. Melville Church,* and *Mr. Paul
Synnestvedt* for the appellant.

*Mr. Charles C. Gill* and *Mr. William G. Henderson* for the
appellee.

Mr. Chief Justice SHEPARD delivered the opinion of the
Court:

The invention in controversy in this proceeding is defined in
the following issue in three counts:

"1. A brake-beam fulcrum in one integral piece of forged met-
al folded about its center and forming the angularly disposed
sides, and at its ends having flanges, said sides being connected at
their outer ends only, substantially as described.

"2. A forged-metal brake-beam fulcrum comprising the angu-

larly disposed side members having at their inner ends flanges, said side members having at their inner ends laterally reversely offset end portions for the formation of said flanges, combined with means connecting said members adjacent to said flanges, and said members beyond their connecting means being apertured to receive the bolt for the brake lever, substantially as described.

"3. A forged-metal brake-beam fulcrum comprising the angularly disposed sides having at their inner ends reverse offsets forming flanges, and means for connecting said sides to the body beam, said offsets permitting, without materially stretching the metal, the formation of said flanges and the setting of said sides into their angular positions, substantially as set forth."

The appellee, Seth A. Crone, claims under three patents. Count 1 of the issue corresponds to a claim in the first of these, No. 720,676, issued February 17, 1903; count 2 corresponds to a claim in the second, No 731,668, issued June 23, 1903; count 3 corresponds to a claim in the third, No. 731,865, granted June 23, 1903. Carl E. Bauer's application, embracing each of the counts, was filed October 14, 1903. In his preliminary statement, he alleged conception of the invention on or about June 1, 1900; production of sketches and drawings on or about June 27, 1900, showing count 1, and showing counts 2 and 3 on or about September 3, 1902; disclosure to others of count 1 about June 27, 1900, and of counts 2 and 3 about September 3, 1902; construction of full-size models of all, and reduction to practice on or about November 10, 1902. He also alleged that since said last date he has had at least 5,000 or 10,000 of the described fulcrums made and used. About the time that the taking of testimony was begun, Bauer moved to amend his preliminary statement by setting back the date of making drawings and disclosures of the invention comprised in counts 2 and 3 from September 3, 1902, to August 15, 1902, and his date of reduction to practice from November 10, to October 1, 1902. This amendment was denied. The Examiner of Interferences, and the Examiners-in-Chief, on appeal to them, decided in favor of Crone upon all three counts. Bauer then appealed to the Com-

missioner, but on the hearing abandoned his appeal as to count
1. The Commissioner affirmed the decision of the Examiners-
in-Chief, and Bauer has prosecuted his appeal therefrom as to
counts 2 and 3.

The controversy turned entirely upon the facts in evidence;
and, in addition to the burden imposed upon him by the patents
regularly issued to Crone, Bauer has that of overcoming the ef-
fect of the successive adverse decisions in the Patent Office.

The evidence on behalf of Bauer has been fully and fairly re-
viewed in each of the decisions referred to, and we could add
nothing material thereto by further discussion. We agree fully
with them that this evidence is uncertain, fraught with suspi-
cion, and cannot be accepted as sufficient proof of the facts es-
sential to establish the appellant's averments either as originally
made or as sought to be amended.

The decision must be affirmed. It is so ordered, and that the
proceedings herein be certified to the Commissioner of Patents
in accordance with the requirements of the law. *Affirmed.*